UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

The Bridgeport Guardians, et al.   :
    Plaintiffs,                     :
                                    :
v.                                  :          Civil No. 5:78cv175(JBA)
                                    :
Arthur J. Delmonte, et al.,         :
    Defendants                      :

<u>RULING ON BPD'S MOTION FOR
RECONSIDERATION/AMENDMENT OF JUDGMENT</u>

The Bridgeport Police Department's Motion for Reconsideration and Amendment of the Court's Ruling of April 29, 2005, is granted in part and denied in part, as follows:

**Racial Balancing.** That portion of the motion seeking amendment of the Ruling, which requires the racial composition of the specialized units to reflect the racial/ethnic composition of the Department, is DENIED. As the Court held, the 1983 remedy order in this case required rotation of assignment "to achieve racial balance in the Department, including the desirable specialized, non-supervisory units..." Ruling at 8. This mandate was intended to remedy past intentional discrimination against African-American BPD officers, as found by Judge Daly after a full trial on the merits of the Guardians' discrimination claims. Therefore this situation is distinguishable from, <u>e.g.</u>, <u>Grutter v. Bollinger</u>, 539 U.S. 306, 321 (2003), where the goal was simply to achieve the educational benefits of diversity in the classroom. Racial balancing is an appropriate remedy for

1

past intentional discrimination, cf. City of Richmond v. J.A. Croson Co., 488 U.S. 469 (1989) (plurality), and the Court's April 29 Order carries out the original remedy order to that effect.

However, the Court is aware of the practical difficulties of structuring a workable rotation plan that results in units which exactly mirror the racial composition of the BPD.  In a unit with three members, for instance, it will not be feasible to achieve a 47% minority presence (the percentage of minority officers at the time of the April hearings in this case).  Thus, the Court will review the parties' proposed rotation plan with such practical necessities in mind.

**Fines for Noncompliance**.  The motion for reconsideration is GRANTED insofar as the City challenges the Court's advance determination that fines of $1000/day will be imposed for noncompliance with the reporting requirements set forth in the April 29 ruling.  Civil contempt sanctions are designed to compel obedience to a lawful court order, and therefore must give the contemnor notice of the future sanctions and an opportunity to comply.  See United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 829 (1994).  In determining the amount of the sanction, a court "should consider (1) the character and magnitude of the harm threatened by the continued contumacy, (2) the probable effectiveness of the sanction in bringing about compliance, and

(3) the contemnor's financial resources and the consequent seriousness of the sanction's burden."  <u>Terry</u>, 886 F.2d 1339, 1353 (2d Cir. 1989).

Thus, the Court's intent in the April 29 ruling was to give the City and BPD officials notice of the potential sanction should they fail to comply.  Determination of the amount of any sanctions to be imposed will balance the <u>Terry</u> factors above, and Paragraph III.4 of the Ruling is modified to read: "Fines of <u>up to</u> $1000/day will be imposed for late filing."

IT IS SO ORDERED.

/s/

_____
JANET BOND ARTERTON
United States District Judge

**Dated at New Haven, Connecticut, this 16th day of December, 2005**