UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **The Bridgeport Guardians, et al.,** : | |
|     Plaintiffs, : | |
| : | |
| v. : | No. 05:78cv175(JBA) |
| : | |
| **Arthur J. Delmonte, et al.,** : | |
|     Defendants : | |

### RULING DENYING JOINT MOTION FOR APPROVAL AND ADOPTION OF STIPULATION AND PROPOSED ORDER [DOC. #1521]

On July 7, 2006, the parties submitted a Joint Motion for Approval and Adoption of Stipulation and Proposed Order [Doc. #1521], which Stipulation and Proposed Order [Doc. #1523] seeks to modify the 1983 Remedy Order ("Remedy Order"), 553 F. Supp. 601 (D. Conn. 1983) (Daly, J.), in recognition "that the circumstances surrounding the findings and conclusions set forth in the 1983 Remedy Order . . . have substantially changed over the course of the past twenty-three years." While the Court is appreciative of the efforts of the parties to reach agreements among themselves, for the reasons below the Court denies the Motion.

### I. Introduction

The Court shares the parties' objective of providing for an orderly transition of the Bridgeport Police Department ("BPD") to its own operation after many years of Court supervision. The Court disagrees that this Stipulation and Proposed Order, which all counsel have advised must be accepted "in its entirety"

1

(Joint Mot. [Doc. #1521] at 3) or not at all, is the appropriate vehicle for achieving this objective.  While the Stipulation and Proposed Order offers focused means of resolving certain disputed issue areas, such as discipline, rotation among specialized units, and pending contempt citations, it also purports to restructure the decision-making processes and personnel, an approach that is not only over-broad but also unrelated to any demonstrated changed circumstances warranting such Remedy Order modifications.

## II. Standard for Modification of an Order

The parties contemplate a "dismissal" of this case as if its status is one of pending litigation.  In fact, this case was tried to verdict in 1982 [Doc. #107], and judgment was entered against the defendants and the Remedy Order issued in 1983.  As the parties now seek modification of the Remedy Order, their motion is governed by Fed. R. Civ. P. 60(b)(5), which provides that a "court may relieve a party or a party's legal representative" from an order when "it is no longer equitable that the [order] should have prospective application."  The "court has continuing power to modify or vacate a final decree . . . [as] a necessary concomitant of the prospective operation of equitable relief."  Wright & Miller, <u>Fed. Practice & Procedure 2d</u>, § 2961.

The Supreme Court has encouraged a "flexible" approach to

modification of remedy orders "in institutional reform litigation because such decrees 'reach beyond the parties involved directly in the suit and impact on the public's right to the sound and efficient operation of its institutions.'" Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367, 381 (1992).  Two steps must be satisfied for a Rule 60(b)(5) modification.  First, the parties seeking modification must establish that "a significant change in circumstances warrants revision of the decree," id. at 383.  Second, they must show that the "proposed modification is suitably tailored to the changed circumstance," id. at 391.  A hearing is typically required for the Court to determine whether these criteria have been met.

**III. Defects in the Stipulation and Proposed Order**

**A. Decision-Making Structure**

The provisions of the Stipulation and Proposed Order place before Special Master William H. Clendenen, Jr. all "complaints by individual Black officers" and transfer "all further proceedings" to Magistrate Judge William Garfinkel.  (See Stip. [Doc. #1523] at 2-3 ¶¶ 5, 6.)  A special master is appointed by order of a district court, which delineates the special master's duties, sphere of authority, record-keeping responsibilities, procedures and standards for review of the special master's recommendations, and the terms of compensation.  Fed. R. Civ. P. 53(b)(2).  This was done by Judge Daly's Order of January 14,

3

1983.  (See Order [Doc. #112].)  Special Master Clendenen has served on this case extremely ably and for more years than any counsel or judge involved in this case.  This does not mean, however, that he or another special master should be obligated by the parties' Stipulation to serve in this case until 2010.  (See Stip. at 2-3 ¶ 5(a), 6 ¶ 18.)

The parties further require by their Stipulation that "this action and all matters pending herein shall be transferred to Magistrate Judge William I. Garfinkel who is designated to conduct all further proceedings" (Stip. at 3 ¶ 6).  First, the Court sees any transfer within the District as serving no meaningful resource conservation purpose, particularly as transfer to a magistrate judge would unduly disrupt the carefully balanced workload distribution among magistrate judges effected by the District's "pairing system."  Moreover, it is illogical to conclude that the desired "orderly transition" is better carried out by a new judicial officer rather than one with years of familiarity.

Lastly, the parties' requirements that judicial administration of this case be altered does not fall within the scope of factors to be considered in determining whether or when the injunctive Remedy Order terms should be modified or vacated.  See Rufo, 502 U.S. at 383, 391 (requiring that parties seeking modification of remedy orders under Fed. R. Civ. P. 60(b)(5) must

4

first prove that "a significant change in [the factual] circumstances" or the legal landscape "warrants revision of the decree," and second, that the "proposed modification is suitably tailored to the changed circumstance").  Given this District's demanding docket and the structure of the relationship between the district judges and magistrate judges, the Court concludes that transfer of this case to Magistrate Judge Garfinkel or "to another full-time United States Magistrate Judge sitting in the Bridgeport Courthouse" (Stip. at 3 ¶ 6) is inappropriate as well as unrelated to any changed circumstance warranting revision of the administrative mechanisms of the Remedy Order.

### B. Scope

The parties seek to have their Stipulation and Proposed Order "govern and control all further action and progress" and render "[a]ll prior rulings and orders . . . rescinded, repealed or modified as needed to be in compliance with this Order." (Stip. [Doc. #153] at 2 ¶ 1.)

Having supervised this case for ten years, the Court is well aware that many circumstances have changed since the Remedy Order was issued in 1983, due at times to the ameliorative compromises and negotiations among the parties.  However, the Court also recognizes its responsibility to "provide an orderly means for withdrawing control" that will ensure continuation of the progress already made.  See Freeman v. Pitts, 503 U.S. 467, 489-

90 (1992) (holding that the district court had authority to gradually relinquish supervision over a school district that had attained requisite compliance with a desegregation plan).

To this end, the Court recently issued its Order Restoring Disciplinary Authority [Doc. #1554] (ruling on the Recommended Ruling of the Special Master Re: Discipline of Officers Involving Punishment in Excess of 15 Days [Doc. #1407]).  This Order renders moot paragraph 9 of the Stipulation and Proposed Order.  (See Stip. at 4 ¶ 9, Ex. A.)  Similarly, while the Court believes that the defendants may be able to demonstrate that the time has come for the Court to relinquish supervision over particular issues addressed in the Remedy Order, as part of an orderly transition to eventual vacating of the Remedy Order as no longer necessary, such transition is not achieved by wholesale, undifferentiated jettisoning of all rulings and orders to date, many of which have resulted in remedial BPD internal regulations and procedures.  Thus, the Stipulation and Proposed Order fails to meet the parties' burden of demonstrating that all orders and rulings issued under the Remedy Order should no longer be in effect.

**III. Further Actions by the Special Master**

In order to facilitate the Court's objective of providing an orderly transfer of supervision to the BPD and to thereby finalize this institutional reform, the Court directs the Special

Master to undertake the following specific predicate actions in connection with which the parties are expected to give their full and prompt cooperation:

(1) Hold a public evidentiary hearing to which interested citizens, the Mayor, Police Chief, and other appropriate elected or appointed Bridgeport officers will be invited to offer evidence, oral or documentary, on the following topics:

  (a) Status of all pending matters, including contempt citations;

  (b) Status of all BPD policies resulting from proceedings or orders in this matter;

  (c) Status of all extant orders and preparation of a comprehensive inventory thereof.

(2) Prepare a report to the Court documenting the results of the hearing and recommending further necessary/appropriate modification of the Remedy Order in aid of orderly transition of the BPD from continued Court supervision.

**IV. Conclusion**

For the foregoing reasons, the Court DENIES the Joint Motion for Approval and Adoption of Stipulation and Proposed Order [Doc. #1521] and ORDERS that the above-outlined hearing be held

forthwith and that the Special Master's report and recommendations be filed with the Court and served on the parties by January 29, 2007.

                                        IT IS SO ORDERED.

                                        /s/

                                        _____

                                        JANET BOND ARTERTON
                                        United States District Judge

**Dated at New Haven, Connecticut, this 29th day of November 2006.**