UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **The Bridgeport Guardians, et al.,** : | |
| Plaintiffs, : | |
| : | |
| v. : | No. 05:78cv175(JBA) |
| : | |
| **Arthur J. Delmonte, et al.,** : | |
| Defendants : | |

**RULING ON WILLIAM BAILEY'S MOTION FOR COURT INTERVENTION/INJUNCTION [DOC. #1526], MOTION FOR DAMAGES/INVESTIGATE/REMEDY [DOC. #1527], MOTION FOR DEFAULT [DOC. #1540], AND REQUEST FOR IMMEDIATE HEARING [DOC. #1542]; AND ON DEFENDANT UNION'S MOTION TO STRIKE [DOC. #1545]**

In 1982, this case was tried to verdict [Doc. #107], and judgment was entered against the defendants. Subsequently, Judge Daly issued a Remedy Order in 1983 ("Remedy Order"), 553 F. Supp. 601 (D. Conn. 1983) (Daly, J.), which provisions still govern the resolution and oversight of the institutional discrimination at issue.

Before the Court are the Motion for Court Intervention/ Injunction [Doc. #1526], Motion for Damages/Investigate/Remedy [Doc. #1527], Motion for Default [Doc. #1540], and Request for Immediate Hearing [Doc. #1542] submitted by William Bailey, a Sergeant in the Bridgeport Police Department ("BPD") who is no longer a party to this case[1] and has not moved to intervene

---

[1] William Bailey was terminated as a plaintiff in March 2000 after the dismissal of his complaints. (See Order [Doc. #1041].) The plaintiffs currently in this case are: Bridgeport Guardians, Inc., Charles Smith, Arthur Carter, Richard Herlihy, Thomas D. Flynn, Raymond Sherwood, Carlos Medina, Joe Ann Simmons, James

1

pursuant to Fed. R. Civ. P. 24.[2]  Defendant City of Bridgeport has opposed three of Bailey's motions, and defendant Union has moved to strike [Doc. #1545] another of Bailey's submissions. For the reasons that follow, the Court denies Bailey's motions and grants defendant Union's Motion to Strike.

I.  **Bailey's Motion for Court Intervention/Injunction [Doc. #1526], Motion for Damages/Investigate/Remedy [Doc. #1527], Motion for Default [Doc. #1540], and Request for Immediate Hearing [Doc. #1542]**

According to the Remedy Order, it is the province of the Court-appointed Special Master to "[r]eceive, investigate, and remedy all complaints of discriminatory treatment, racial harassment or slurs within the B.P.D."  See Bridgeport Guardians, 553 F. Supp. 601, 619 (D. Conn. 1983) (Daly, J.).  William Clendenen was appointed as the Special Master by Order dated January 14, 1983 [Doc. #112] and has served diligently and continuously to the present.  Sergeant Bailey's motions arise from his dissatisfaction with the pace of resolution of his complaint filed with the Special Master, which claims that he was

---

Sheffield, and Brenda Dixon.

[2] This Rule provides for intervention of right and permissive intervention.  The paragraph providing for permissive intervention states: "Upon timely application anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . .  In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."  Fed. R. Civ. P. 24(b).

"denied the opportunity to be a member of the [now-defunct] E.S.U. (Emergency Service Unit)," which denial was "intentional, [and] discriminatory, in violation of the Remedy Order and [his] civil rights." (Mot. for Damages [Doc. #1527] at 1.) He claims to have "filed through Special Master William Clendenen a final detailed complaint seeking relief and specific damages" on April 18, 2006, and represents that this complaint "has not been addressed, nor have any attempts been made to resolved, discussed or settles same" [sic.]. (See Mot. for Court Intervention [Doc. #1526] at 1.)

To preserve the orderly investigation and enforcement process fashioned by Judge Daly, the Special Master investigates a proper complaint — by hearing, request for documents, or otherwise — and issues a recommended ruling, and the Court hears and rules on any objections to the those findings and recommendations, which are "normally . . . accepted unless clearly erroneous" pursuant to Fed. R. Civ. P. 53(e)(2). See Bridgeport Guardians, 553 F. Supp. at 620. Bailey, an individual Bridgeport Police officer with a complaint of race discrimination, if he wishes to avail himself of this process,[3] is required to file his complaint (as he has) with the Special

---

[3] Aggrieved officers may alternatively avail themselves of the Connecticut Commission on Human Rights and Opportunities and Equal Employment Opportunities Commission administrative complaint processes, and eventually civil suit. See Conn. Gen. Stat. 46a-60; 42 U.S.C. § 2000e et seq.

3

Master, who has authority to hear such complaints.  See id.  In this institutional reform case mandating agency practices, policies, and procedures to redress the systemic discrimination found to exist at trial, Bailey cannot bring his complaints directly to this Court bypassing the Special Master procedures. While Bailey may be impatient with the pace of the process, his dissatisfaction does not confer on him party status or standing. Thus, his motions [Docs. ## 1526, 1527, 1540, 1542] will be denied and his complaint(s) will be heard by the Special Master in due course.

**II.   Defendant Union's Motion to Strike [Doc. #1545]**

Defendant moves to strike Bailey's objection [Doc. #1541] to the parties' Joint Motion for Approval and Adoption of Stipulation and Proposed Order [Doc. #1521].  The Court grants defendant's Motion to Strike, as the Court has denied the Joint Motion [Doc. #1561], and thus Bailey's objection is moot.  Given the Court's announced intention of reviewing the appropriateness and methodology for modifying the Remedy Order, Bailey will have the opportunity to be heard on the subject of the Remedy Order in public hearing(s) to be held.  (See Ruling [Doc. #1561]; Order [Doc. #1565].)

## III. Conclusion

For the foregoing reasons, Bailey's motions [Docs. ## 1526, 1527, 1540, 1542] are denied, and defendant Union's Motion to Strike [Doc. #1545] is granted.

IT IS SO ORDERED.

/s/

_____

JANET BOND ARTERTON
United States District Judge

**Dated at New Haven, Connecticut, this 10th day of January, 2007.**