UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

The Bridgeport Guardians, et al.,  :
    Plaintiffs,               :
                              :
v.                            :     No. 05:78cv175(JBA)
                              :
Arthur J. Delmonte, et al.,     :
    Defendants.             :

**RULING ON DEFENDANT CITY OF BRIDGEPORT'S MOTION FOR
RECONSIDERATION OF RULING DENYING JOINT MOTION FOR APPROVAL AND
ADOPTION OF THE STIPULATION AND PROPOSED ORDER [DOC. #1566] AND
MOTION FOR RULE 60 RELIEF FROM JUDGMENT AND REQUEST FOR HEARING
[DOC. #1568]**

Defendant City of Bridgeport/Bridgeport Police Department

("BPD") seeks reconsideration of the Court's Ruling Denying Joint

Motion for Approval and Adoption of the Stipulation and Proposed

Order [Doc. #1566], specifically the Court's direction to the

Special Master to "[h]old a public evidentiary hearing" on

pending matters, BPD policies, and extant orders.  (See Ruling

[Doc. #1561] at 6-7.)  In place of the hearing ordered therein,

the City also seeks relief from judgment pursuant to Fed. R. Civ.

P. 60(b)(5) and requests a hearing before this Court [Doc.

#1568].  For the reasons that follow, both motions will be

DENIED.

I.  **Motion for Reconsideration**

Defendant City argues that the hearing by the Special Master

scheduled for January 19, 2006 (see Order, [Doc. #1565]) exceeds

the scope of his duties under the 1983 Remedy Order, 553 F. Supp.

1

601 (D. Conn. 1983) (Daly, J.), and Fed. R. Civ. P. 53.  Opposing
City's Motion, the defendant Bridgeport Police Union, AFSCME,
Council 15, Local 1159, AFL-CIO ("the Union") "agree[s] that this
delegation initially appears to exceed the scope of the original
referral to the Special Master in 1983, . . . [but] note[s] that
such referral has been amended on multiple occasions during the
intervening years without objection and/or appeal by the City"
(Union's Opp. Mem. [Doc. #1572] at 1-2).

It is the Court's view that the hearing assigned to the
Special Master is within the scope of the Special Master's
responsibilities as have evolved over 23 years, and is an
essential first step in the Court's anticipated consideration of
modifications to the 1983 Remedy Order, which cannot otherwise
"be addressed effectively and timely" by the Court.  See Fed. R.
Civ. P. 53(a)(1)(C).  This delegation reflects the role of this
Special Master over the years, the breadth of tasks which he has
undertaken on consent or on direction of the Court, and the
issues he has addressed in recommended rulings to the Court
consistent with the principle that "[i]t is primarily up to the
district court to control the master and to evaluate his
conclusions."  Rios v. Enter. Associated Steamfitters Local Union
638 of U.A., 860 F.2d 1168, 1175 (2d Cir. 1988) (citing Fed. R.
Civ. P. 53(c),(e)).

His sustained work for more than 20 years has resulted in a

unique role he plays for the parties and the Court.  Special Master Clendenen's post-trial tenure exceeds that of any attorney or judge in this case.  He is a repository of all orders which have been issued throughout the life of the Remedy Order and all BPD policies which have resulted therefrom, some of which may be outdated and some perhaps still viable.  It is of critical importance that the Special Master, uniquely positioned as he is, complete this difficult inventory and assessment for the Court and the parties to permit adequate, orderly and effective consideration of modification of the Remedy Order as defendant City seeks, but in the context of this case's 23-year accumulation of subsidiary orders, policies, compliance record, and data.

Moreover, the scheduled hearing will offer the defendant City opportunity to set forth its position and evidence supporting why the Remedy Order should be terminated.  While the process aimed at finalization of this institutional reform has been commenced sua sponte, the Special Master's hearing and report is the necessary first step.  Thereafter, the Court will consider, in consultation with counsel, what further proceedings are necessary to properly determine whether or to what extent defendant should be relieved of the Court's supervision under the Remedy Order.  Accordingly, defendant City of Bridgeport's Motion for Reconsideration is denied.

## II.  Motion for Rule 60 Relief from Judgment and Request for Hearing

In support of its Motion for Rule 60 relief, defendant City claims that the "race-conscious standard" of Judge Daly's Remedy Order is no longer legal and/or necessary (Def. Mem. [Doc. #1569] at 7) and opines that "[t]he time has come for the Court to carefully asses [sic] the continuing need for any Remedy Order" (Def. Mem. [Doc. #1569] at 11).  It is precisely this assessment that the Court seeks to accomplish by its order that the Special Master hold a public evidentiary hearing "in aid of orderly transition of the BPD from continued Court supervision" (Ruling [Doc. #1561] at 7).

Rule 60(b)(5) "is little more than a codification of the universally recognized principle that a court has continuing power to modify or vacate a final decree.  This continuing responsibility of the issuing court over its decrees is a necessary concomitant of the prospective operation of equitable relief."  Wright & Miller, Fed. Practice & Procedure 2d, § 2961. The Court has decided for the reasons stated supra to exercise its "continuing responsibility" over the 1983 Remedy Order by directing the Special Master to conduct a hearing whose results will be utilized as part of the Court's Rule 60(b)(5) considerations because he is uniquely qualified and as the culmination of his work as Special Master in this case. Moreover, the issue of "racially-balanced" "formula[e]" (Def.

4

Mem. [Doc. #1569] at 7), is currently pending before the U.S. Supreme Court in <u>Parents Involved in Community Schools v. Seattle School District No. 1</u>, No. 05-908, argued Dec. 4, 2006, and its jurisprudence is anticipated to be available to guide the Court's evaluation.  Thus, the defendant's Motion for Rule 60 Relief from Judgment is premature, and its request for hearing is moot in light of the forthcoming hearing before the Special Master.

## III. Conclusion

Accordingly, defendant City's Motion for Reconsideration [Doc. #1566] is DENIED and its Motion for Rule 60 Relief from Judgment [Doc. #1568] is DENIED as premature without prejudice to renew after receipt of the Special Master's hearing report. Defendant's Request for Hearing [Doc. #1568] is DENIED as moot as a hearing at which defendant City will be heard has already been scheduled.  Further hearings will be scheduled if necessary.

IT IS SO ORDERED.

/s/

_____

JANET BOND ARTERTON
United States District Judge

**Dated at New Haven, Connecticut, this 10th day of January, 2007.**