UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THE BRIDGEPORT GUARDIANS, INC.     CIVIL ACTION NO. B78-175 (JBA)
ET AL

     PLAINTIFFS

V.

ARTHUR J. DELMONTE, ET AL     October 24, 2007

     DEFENDANTS

## <u>RECOMMENDED RULING ON MOTION TO DISMISS COMPLAINT OF SERGEANT JOHN DEVONE</u>

Sergeant DeVone filed a complaint dated March 6, 2006 alleging that he was not afforded certain job opportunities within the Department due to racial discrimination.[1] The conduct that Sergeant DeVone complains occurred between March and August of 2005.

By motion dated August 24, 2007 the defendant moved to dismiss Sergeant DeVone's complaint on the ground that it was barred by the applicable time limitations set forth in the <u>Recommended Procedure for Resort</u>

---

[1] Sergeant DeVone subsequently filed an Amended Complaint on July 30, 2007.

to Special Master Pursuant to Paragraph 10 of the Remedy Order of January 7, 1983, dated January 9, 1984.  Plaintiff argues in his objection to defendant's motion to dismiss that the Recommended Procedure does not require that his complaint be dismissed, and that under said Procedure the decision to dismiss is within the discretion of the Special Master.

Under paragraph 3 of the January 9, 1984 Recommended Procedure, adopted by Judge Daly on February 27, 1984, "It is desirable that complaints be filed within thirty days of the discrimination complained of; however, later filings shall not be disallowed upon a showing by the complainant of good reason for the complaint to be late."  The reason for the recommended thirty-day time period is to ensure prompt investigation and resolution of allegations of racial discrimination within the Bridgeport Police Department.  A significant delay of filing a complaint beyond the recommended thirty-day period presents issues of prejudice, efficiency, and the ability to determine an appropriate remedy if need be.  Plaintiff is correct in pointing out that the decision to hear a complaint filed more than thirty-days after the alleged discriminatory conduct is within the Special Master's discretion.  In the present case, plaintiff filed his complaint less than seven months after the conduct complained of had

ceased.[2] Although a significant amount of time has passed since the conduct complained of took place, the seriousness of the allegations and Sergeant DeVone's good faith and conscientious effort to pursue this claim since filing his original complaint require that a closer look be taken into his accusations.

Accordingly, it is recommended that the defendant's Motion to Dismiss dated August 4, 2007 be denied.

SO ORDERED.

Dated at New Haven, Connecticut, this 24th day of October 2007.

WILLIAM H. CLENDENEN, JR. [ct04261]
Special Master
400 Orange Street
New Haven, CT 06511
Telephone: 203-787-1183
Fax: 203-787-2847
Email: office@clenlaw.com

---

[2] In his objection to the defendant's motion to dismiss the plaintiff points out that he formally requested a transfer via e-mail on August 8, 2005, and waited patiently for a response that never came. The plaintiff alleges the failure to transfer him, along with other alleged acts by the defendant, were the product of racial discrimination.

CERTIFICATION:

This is to certify that a copy of the foregoing was mailed, postage prepaid, to Mark Anastasia, Esq., City Attorney; Melanie Howlett, Esq., Associate City Attorney, City of Bridgeport, 999 Broad Street, Bridgeport, CT 06601, Antonio Ponvert, Esq., Sean K. McElligott, Esq., Koskoff, Koskoff & Bieder, P.O. Box 1661, Bridgeport, CT 0660l; Harry Elliott, Jr., Esq., AFSCME Council 15, Legal Department, 290 Pratt Street, Meriden, CT 06450, William J. Wenzel, Esq., Aimee J. Wood, Esq., Pullman & Comley, LLC, 850 Main Street, P.O. Box 7006 Bridgeport, CT 06601-7006, Norman A. Pattis, Esq., 649 Amity Road, P.O. Box 280, Bethany, CT 06425, John Williams, Esq., 51 Elm Street, New Haven, CT 06510, John Walsh, Jr., Esq., Licari, Walsh & Sklaver, LLC, 105 Court Street, New Haven, CT 06511 on the 24th day of October 2007.


_____
WILLIAM H. CLENDENEN, JR., ESQ.
SPECIAL MASTER