UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| The Bridgeport Guardians, Inc., et al., *Plaintiffs*, <br><br> v. <br><br> Arthur J. Delmonte, et al., *Defendants*. | Civil No. 5:78cv175 (JBA) <br><br><br><br> December 29, 2010 |

RULING ON MOTION TO DISMISS [Doc. # 1975] KARPUS, VALENTIN, MEEKINS, AND GONZALEZ COMPLAINTS

On October 4, 2010, the Court issued an Order [Doc. # 1970] directing Albert Karpus, Daniel Garcia, Gilberto Valentin, Juan P. Gonzalez, JoeAnn Meekins, Murphy Pierce, and William Bailey, who had previously filed complaints with Special Master Clendenen, to submit to the Court, no later than noon on October 12, 2010, "[a] brief statement of the conduct that the officer claims constitutes racial discrimination against him or her by the Bridgeport Police Department, . . . [a] memorandum presenting the officer's argument in support of his or her claim of racial discrimination, . . . [a]ny and all documents, affidavits or other evidence that the officer claims support his or her claims of racial discrimination [and] . . . [a]ny request to present oral testimony from the officer or any witnesses, describing briefly the substance of the proposed oral testimony." The Order specified "[i]f any officer chooses not to make a submission in accordance with this Order, however, his or her claim will be dismissed."

On October 12, 2010, the Defendants City of Bridgeport ("City") and Bridgeport Police Department ("BPD") moved to dismiss [Doc. # 1975] "any and all claims or complaints" by Lieutenant Albert Karpus, Sergeant Gilberto Valentin, Sergeant JoeAnn

Meekins, and Officer Juan P. Gonzalez on the ground that each failed to make timely submissions in accordance with the Court's Order.

I. Factual Background

In her Affidavit submitted with the Defendants' Motion to Dismiss, City attorney Betsy Edwards avers that, pursuant to the October 4th Order, by 5:00 p.m. on October 4, 2010 she emailed a copy of the Order to Lt. Karpus at his BPD email address. (Edwards Aff., Ex. A to Mot. to Dismiss ¶ 6.) Edwards further represents that by 5:00 p.m. on October 4, 2010 she provided Detective Michael Fiumidinisi with sealed envelopes containing copies of the Order addressed to Lt. Albert Karpus, Sgt. Gilberto Valentin, Sgt. JoeAnn Meekins, and P.O Juan P. Gonzalez, and instructed Detective Fiumidinisi to immediately hand–deliver the envelopes to the officers if possible, or, in the alternative, put the envelopes in the officers' BPD mailboxes and ensure that the officers would retrieve the envelopes at their next scheduled shift. (*Id.* ¶¶ 7–9.) Detective Fiumidinisi declares that he received the envelopes and Edwards' instructions, served Meekins in–hand, and placed the envelopes for Karpus, Valentin, and Gonzalez in their official mailboxes at Police Headquarters prior to 10:00 a.m. on October 5, 2010. (Fiumidinisi Aff., Ex. B to Mot. to Dismiss ¶¶ 5–10.) Fiumidinisi also avers that the commanding officers supervising Karpus, Valentin, and Gonzalez informed him that those officers were on active status and expected to report for their shifts. (*Id.* ¶¶ 11–12.)

Sergeant Meekins filed a statement of claims [Doc. # 1977] with the Court on October 13, 2010, after the Court's October 12 deadline established in the October 4th Order. In her one–page complaint, Sergeant Meekins describes an incident in which she discovered a "Hangman Noose" under her patrol car; she further alleges that she filed "racial

2

discrimination complaints with the Bridgeport Police Department, the Union, the Special Master Clendenen and FBI," states that "there is a history of racial discriminatory practices against me," and attaches an October 8, 2010 Connecticut Post article concerning the suspension of Lieutenant John Cummings from the BPD for making racial comments, but provides no other details regarding the noose incident. Sergeant Meekins resubmitted this same complaint to the Court by letter dated November 15, 2010.

Officer Gonzalez also filed his statement of claims [Doc. # 1978] on October 13, 2010, after the deadline imposed by the Court in the October 4 Order. In his statement, dated October 12, 2010, Officer Gonzalez claims that he did not receive until that day the Court's October 4th Order because the City attorneys office had placed the order in his Department mailbox, and he had been "out for four days 'on my days off.'" (Gonzalez Stmt. at 1.) In response to Officer Gonzalez's claim that he did not receive the Order until October 12, the City submitted to the Court Bridgeport Police Department Patrol Rosters for October 5 through 12, 2010, which demonstrate that Gonzalez reported for duty on October 5, 10, 11, and 12, 2010, working the midnight–to–8:00 a.m. shift each of those days. (Ex. A to Resp. to Gonzalez Submission.) At oral argument on the Motion to Dismiss, held October 18, 2010, the Court directed that Officer Gonzalez would be given notice that he had until Friday, October 22, 2010, to file further response or explanation regarding his whereabouts on the days in question or his receipt of the October 4th Order. Officer Gonzalez has not filed anything further with the Court.

Lieutenant Karpus and Sergeant Valentin have not filed any statement of claims with the Court.

II.   Discussion

The City argues that because Lieutenant Karpus, Sergeant Valentin, Sergeant Meekins, and Officer Gonzalez failed to file with the Court by the noon, October 12, 2010 deadline, "[a]ny claims, complaints, or submissions [on behalf of those Officers] are barred by the Court's Order dated October 4, 2010." (Mot. to Dismiss at 1–2.)

Lieutenant Karpus and Sergeant Valentin failed altogether to file any statement or other submission with the Court. The October 4th Order required that submissions be made "no later than noon on October 12, 2010," and provided: "If any officer chooses not to make a submission in accordance with this Order, . . . his or her claim will be dismissed." Since neither Karpus nor Valentin made any submission, their complaints will be dismissed.

Sergeant Meekins submitted a complaint to the Court but did not file that submission until October 13, 2010, and accordingly she has failed to make a submission "in accordance with [the October 4] Order." Although the Bridgeport Guardians ask the Court to entertain Meekins' complaint regardless of its untimeliness, Meekins has not shown good cause as to why she did not or could not comply with the deadlines in the October 4th Order. Sergeant Meekins' complaint will therefore be dismissed for failure to timely file. Furthermore, although Meekins' complaint describes an ugly and disturbing incident occurring in a BPD parking lot that she considered to be a death threat and explains that she has been previously subjected to race–based mistreatment, her complaint and subsequent letter contain no evidence suggesting who placed the noose under her car or that a discriminatory BPD policy contributed to the placement of the noose under her car, and she makes no claim that the Chief failed to take appropriate responsive action. In fact, a federal criminal investigation of her complaint was apparently inconclusive.

4

Officer Gonzalez, who also did not file his complaint with the Court until October 13, 2010, asks the Court to excuse his late filing because he did not receive the October 4th Order until October 12, 2010 because he "was out for four days." (Gonzalez Stmt. at 1.) Assuming that his shift ended at 8:00 a.m. on October 5, and he left Police Headquarters before Fiumidinisi placed the Order in his mailbox on October 5, the BPD Patrol Rosters nonetheless demonstrate that he reported for duty on October 10 and 11, 2010. (*See* Ex. A to Resp. to Gonzalez Submission.) Officer Gonzalez has made no further submission disputing the City's evidence that he reported to work on October 10 and 11 and thus would have received the Order prior to October 12, yet he neither filed his complaint by October 12, nor sought an extension to file late. Because Gonzalez has provided nothing to rebut the City's evidence that he had an opportunity to retrieve the Order from his Department mailbox on October 10 at the latest, the Court finds that Gonzalez has failed to make a showing of good cause as to why he could not comply with the deadline set out in the October 4th Order and Officer Gonzalez's complaint will be dismissed.

III.  Conclusion

For the reasons discussed above, the City's [Doc. # 1975] Motion to Dismiss the claims and complaints of Lieutenant Albert Karpus, Sergeant Gilberto Valentin, Sergeant JoeAnn Meekins, and Officer Juan P. Gonzalez is GRANTED.

                                      IT IS SO ORDERED.

                                      /s/
                                  Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 29th day of December, 2010.